LAWRENCE v DEPARTMENT OF TREASURY

Docket No. 64663. Submitted May 11, 1983, at Lansing.—Decided September 14, 1983.

Petitioner, Walter J. Lawrence, petitioned the Michigan Tax Tribunal for "relief and release of tax refund" in a nonproperty tax case. During the pendency of petitioner's action, he received a notice from the Tax Tribunal informing him that a prehearing conference had been scheduled. The notice was signed by the tribunal's chief clerk. Enclosed with the notice was a prehearing statement, which was to be completed and exchanged with the Department of Treasury prior to the conference. Petitioner wrote to the chief clerk stating that he believed that the prehearing conference had been improperly scheduled. Petitioner explained that a Tax Tribunal rule expressly provides that, in nonproperty tax appeals, prehearing and discovery procedures "do not apply, unless otherwise ordered by the tribunal". Since petitioner had not received a copy of an order from the tax tribunal directing that a prehearing conference take place, petitioner reasoned that the chief clerk had erred in scheduling a prehearing conference. Petitioner expressed his expectation to the chief clerk that the conference would be cancelled and he returned the prehearing conference statement in blank form. Petitioner then filed "objections to compulsion of prehearing conference" with the Tax Tribunal expressing the argument outlined above and asking that the prehearing conference be "quashed". The tribunal's chief clerk responded to petitioner's letter and informed him that the notice of prehearing conference "has always been considered as an order of the tribunal". The clerk sent petitioner a new prehearing statement for completion. Petitioner never filed the prehearing statement. The prehearing conference convened. At that time, petitioner appeared and objected to the conference's taking place. He repeated his position that the conference could take place only pursuant to an order of the tribunal, that an official order from the tribunal had not been issued, and that,

REFERENCES FOR POINTS IN HEADNOTE
2 Am Jur 2d, Administrative Law § 406.
62 Am Jur 2d, Pretrial Conference and Procedure §§ 10, 11.

therefore, the conference was unauthorized. Although informed by the tribunal judge presiding at the conference that failure to participate would constitute default, petitioner packed his materials and left the conference. Counsel for the Department of Treasury then moved to dismiss. The presiding judge orally granted the motion, later issuing a written opinion and order granting the motion to dismiss. Petitioner appealed. *Held:*

There is no requirement, in a nonproperty tax case, that a written order signed by a Tax Tribunal judge need be entered and sent to the parties in order to initiate prehearing conference procedures. A notice of prehearing conference signed by the tribunal's chief clerk is sufficient to alert the participants that the tribunal has ordered a prehearing conference to be convened.

Affirmed.

TAXATION — TAX TRIBUNAL — PREHEARING CONFERENCE.

There is no requirement, in a nonproperty tax case, that a written order signed by a Tax Tribunal judge need be entered and sent to the parties in order to initiate prehearing conference procedures; a notice of prehearing conferences signed by the tribunal's chief clerk is sufficient to alert the participants that the tribunal has ordered a prehearing conference to be convened (1979 AC, R 205.1249).

Walter J. Lawrence, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *John W. Jackson, Jr.,* Assistants Attorney General, for respondent.

Before: MACKENZIE, P.J., and M. J. KELLY and S. EVERETT,* JJ.

PER CURIAM. Petitioner appeals as of right from an order of the Michigan Tax Tribunal in which the tribunal dismissed petitioner's action seeking "relief and release of tax refund".

It is undisputed that the instant case involves a nonproperty tax appeal. During the pendency of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

petitioner's action, he received a notice from the Tax Tribunal informing him that a prehearing conference had been scheduled for May 12, 1982. The notice was signed by the tribunal's chief clerk. Enclosed with the notice was a prehearing statement, which was to be completed and exchanged with the Department of Treasury prior to the conference.

After receiving the notice, petitioner wrote to the chief clerk stating that he believed that the prehearing conference had been improperly scheduled. Petitioner explained that Tax Tribunal rule 249, 1979 AC, R 205.1249, expressly provides that in nonproperty tax appeals prehearing and discovery procedures "do not apply, unless otherwise ordered by the tribunal". Since petitioner had not received a copy of an order from the Tax Tribunal directing that a prehearing conference take place, petitioner reasoned that the chief clerk had erred in scheduling a prehearing conference. Petitioner expressed his expectation to the chief clerk that the conference would be cancelled and he returned the prehearing conference statement in blank form. Petitioner then filed "objections to compulsion of prehearing conference" with the Tax Tribunal expressing the argument outlined above and asking that the prehearing conference be "quashed".

The tribunal's chief clerk responded to petitioner's letter and informed him that the notice of prehearing conference "has always been considered as an order of the tribunal". The clerk sent petitioner a new prehearing statement for completion. The record discloses that petitioner never filed the prehearing statement.

The prehearing conference convened on May 12, 1982. At that time, petitioner appeared and ob-

jected to the conference's taking place. He repeated his position that the conference could take place only pursuant to an order of the tribunal, that an official order from the tribunal had not been issued, and that, therefore, the conference was unauthorized. Although informed by the tribunal judge presiding at the conference that failure to participate would constitute default, petitioner packed his materials and left the conference.

Counsel for the Department of Treasury then moved to dismiss. The presiding judge orally granted the motion, later issuing a written opinion and order granting the motion to dismiss.

Petitioner correctly argues that in a nonproperty tax appeal case a prehearing conference is not to occur unless otherwise ordered by the tribunal. 1979 AC, R 205.1249. We find no requirement, however, that a written order signed by a tribunal judge need be entered and sent to the parties in order to initiate the prehearing conference procedures. A notice of prehearing conference signed by the tribunal's chief clerk, such as was sent to the parties in the instant case, is sufficient to alert the participants that the tribunal has ordered a prehearing conference to be convened.

Petitioner argues that a written order signed by a tribunal judge is essential in order to protect a party's right to discovery since, pursuant to 1979 AC, R 205.1270(8), discovery may not be conducted after completion of a prehearing conference. Petitioner has failed to note, however, that discovery procedures do not apply in a nonproperty tax appeal unless otherwise ordered by the tribunal. 1979 AC, R 205.1249. Thus, regardless of whether a prehearing conference had occurred, petitioner had to secure permission from the tribunal in order to engage in discovery in this nonproperty

tax appeal. No prejudice resulted to petitioner by the scheduling and commencement of a prehearing conference.

1979 AC, R 205.1247(3) provides that:

"(3) Failure of a petitioner to properly prosecute the appeal or comply with these rules is cause for dismissal."

The tribunal has the power to enter a decision against a nonproceeding party on its own initiative. 1979 AC, R 205.1247(1). Since petitioner failed to properly prosecute his appeal by participating in the duly convened prehearing conference, the tribunal had the power to dismiss his case. A dismissal was properly entered.

Affirmed.