## STEVENS v BANGOR TOWNSHIP

Docket No. 82882. Submitted December 3, 1985, at Lansing.—Decided April 9, 1986. Leave to appeal applied for.

Petitioners, Archie Stevens, Sr., and Rosalie M. Stevens, filed a petition with the Tax Tribunal for review of the 1983 property tax assessment of their property in Bangor Township. A counsel conference was scheduled, which was adjourned upon the request of petitioners' counsel and with the agreement of respondent's counsel. On the date set for the adjourned conference, petitioners' counsel failed to appear, subsequently acknowledging that his failure to appear was inadvertent. Respondent subsequently filed a motion to dismiss and the tribunal did so, citing the failure of petitioners' counsel to hold a counsel conference as required by tribunal rules. Petitioners' motion for reahearing and reconsideration was denied and petitioners appealed. *Held:*

The Tax Tribunal abused its discretion in dismissing the petition based upon the failure of petitioners' counsel to attend the scheduled counsel conference. The tribunal's conclusion that respondent had suffered substantial prejudice is unsupported by the record. An appropriate response would have been the assessment of costs. Under the circumstances of this case, imposition of the sanction of dismissal was an abuse of discretion.

Reversed and remanded.

1. TAXATION — TAX TRIBUNAL — DISMISSAL OF PETITION.

The Tax Tribunal is empowered to dismiss a petition because of a petitioner's noncompliance with a rule or order of the tribunal.

2. TAXATION — APPEAL — TAX TRIBUNAL.

Decisions of the Tax Tribunal are reviewable for an abuse of discretion.

*Tesseris & Crown, P.C.* (by *Barry G. Crown*), for petitioners.

REFERENCES

Am Jur 2d, State and Local Taxation §§ 782-787

See the annotations in the ALR3d/4th Quick Index under Taxes.

*Higgs, Higgs, Darbee & Bosco, P.C.* (by *James M. Hammond*), for respondent.

Before: CYNAR, P.J., and WAHLS and GRIBBS, JJ.

PER CURIAM. Petitioners appeal as of right from the Tax Tribunal's dismissal of their petition and the denial of their motion for rehearing. The tribunal relied on the failure of counsel for petitioners to attend a counsel conference as required by Tax Tribunal Rule 250.[1] We reverse and remand for further proceedings.

On June 29, 1983, petitioners filed a petition seeking tribunal review of respondent's 1983 property tax assessment of petitioners' commercial property in Bangor Township. The petition alleged that the assessment was too high notwithstanding that the Bangor Township Board of Review had reduced the original assessment. Respondent filed an answer and prehearing valuation disclosure on

[1] 1981 AACS, R 205.1250 provides:

"(1) In all proceedings, except as provided in R 205.1249, [for cases involving equalization, allocation, apportionment, and non-property tax appeals] the petitioner or representative shall arrange for a conference with all other parties or representatives for the following purposes:

"(a) To discuss the possibility of settlement. Petitioner and respondent shall each express a good faith estimate of the true cash value of the subject property.

"(b) To stipulate evidence to the fullest extent to which complete or qualified agreement can be reached, including all material facts that are not, or fairly should not be, in dispute.

"(c) To consider all other matters that may aid in the disposition of the proceeding.

"(2) The conference shall be held within 30 days after the filing of an answer at a time and place mutually agreed to or, if no agreement can be reached, fixed by order of the tribunal.

"(3) The petitioner shall prepare a summary of the results of this conference which shall be served upon all opposing parties and, together with proof of service, filed with the clerk within 10 days after the conference. Any objections to the summary shall be filed with the clerk within 10 days after the filing of the summary."

July 13, 1983. The petition was amended on April 27, 1984, to include the 1984 assessment.

On March 8, 1984, respondent filed a motion to dismiss the petition, alleging that petitioners had made no arrangements for counsel conference and had not submitted a prehearing valuation disclosure, contrary to tribunal rules. Petitioners contended that respondent was not prejudiced and that the tribunal should exercise its discretion and deny the motion. We note that respondent's claims of prejudice were that respondent was unable to prepare for hearing and that it was unfair to permit petitioners to have the advantage of examining respondent's prehearing valuation disclosure weeks or months prior to the preparation of their own. The tribunal denied respondent's motion to dismiss and stated in its order of April 24, 1984:

"Respondent made no objection to Petitioners' failure to schedule a counsel conference until approximately 8 months after such an objection would have been appropriate, and

"It further appearing to the Tribunal that Petitioners' failure has not prejudiced Respondent materially, and that it would best serve the interests of justice to deny the instant motion, therefore

"IT IS ORDERED that Respondent's Motion to Dismiss be and is hereby DENIED.

"IT IS FURTHER ORDERED that Petitioner and Respondent conduct a counsel conference pursuant to TTR 250 within 30 days of the date of entry of this order, and that Petitioner file a summary thereof within 10 days thereafter."

Counsel for petitioners and for respondent then agreed to hold a counsel conference on May 14, 1984. However, when that day arrived, petitioners' counsel requested an adjournment, and respondent's counsel agreed to adjourn the conference

until June 14, 1984. On May 16, 1984, respondent's counsel sent petitioners an evidentiary stipulation and a first set of interrogatories, the latter to be answered and returned within 30 days.

On June 14, 1984, petitioners' counsel failed to appear for the agreed-to conference. Counsel subsequently acknowledged that his failure to appear was inadvertent, and he explained that he was heavily burdened handling the case load of his partner, who was recuperating from gastric lymphoma. Counsel also alleged that he was willing to participate in a conference and had called respondent's counsel, who refused to cooperate further.

On June 20, 1984, respondent again filed a motion to dismiss and cited petitioners' failure to conduct a counsel conference, submit answers to interrogatories, stipulate to the admissibility of specified evidence and provide prehearing valuation disclosures. Respondent claimed prejudice in that it was unable to prepare for hearing or otherwise advance the cause and that petitioners had avoided paying lawful property taxes for at least two years. Respondent claimed that its counsel had put in significant time and effort to prepare for the scheduled May 14, 1984, conference.

Within a few days of respondent's motion to dismiss being filed, petitioners filed their answers to interrogatories and also answered the motion and denied that respondent was prejudiced. On October 12, 1984, the tribunal entered an order on respondent's motion, stating in part:

"It further appearing to the Tribunal that although a counsel conference was scheduled for May 14, 1984, pursuant to the Tribunal's order, such conference was rescheduled by Petitioners for June 14, 1984, but was not held, and

"It further appearing to the Tribunal that Respon-

dent has gone through substantial preparation in anticipation of the counsel conference scheduled for June 14, 1984, and

"It further appearing to the Tribunal that counsel for Petitioners has not set forth specific and legitimate reasons why he could not attend the counsel conference scheduled for June 14, 1984, and

"It further appearing to the Tribunal that although the Tribunal is reluctant to grant dismissal, Respondent has suffered substantial prejudice resulting from petitioners' failure to comply with the Tribunal's order and Tribunal rules regarding the counsel conference, and

"It further appearing to the Tribunal that failure to comply with Tribunal rules and orders is cause for dismissal pursuant to TTR 247(3),[2] therefore

"IT IS ORDERED that Respondent's Motion to Dismiss be and is hereby GRANTED and the above-captioned cause be and is hereby DISMISSED."

On petitioners' motion for rehearing and reconsideration, the tribunal acknowledged its discretion pursuant to Tax Tribunal Rule 445 but denied the requested relief, concluding that petitioners had not alleged any reasons justifying rehearing as set forth in GCR 1963, 528.3.

On appeal, petitioners argue that the Tax Tribunal abused its discretion by resorting to the harshest sanction available—dismissal. Petitioners contend that imposition of costs for the delay

_____

[2] 1979 AC, R 205.1247 provides:

"(1) When a party has failed to plead, appear, or otherwise proceed as provided by these rules or as required by the tribunal, he may be held in default by the tribunal on motion of another party or on the initiative of the tribunal. Thereafter, the tribunal may enter a decision against the defaulting party upon such terms and conditions as the tribunal deems proper.

* * *

"(3) Failure of a petitioner to properly prosecute the appeal or comply with these rules is cause for dismissal.

"(4) Defaults, dismissals or decisions rendered thereon may be set aside by the tribunal for reasons it deems sufficient upon motion made within 20 days of entry of the order of default or dismissal."

would have been the appropriate action to take. We agree.

The power of the Tax Tribunal to dismiss a petition because of a petitioner's noncompliance with a rule or order of the tribunal is unquestionable. *Lawrence v Dep't of Treasury,* 128 Mich App 741; 341 NW2d 200 (1983). The tribunal's actions, however, are reviewable for abuse of discretion. See, *e.g., Zenith Industrial Corp v Dep't of Treasury,* 130 Mich App 464; 343 NW2d 495 (1983); *Turner v Lansing Twp,* 108 Mich App 103, 112-113; 310 NW2d 287 (1981), *lv den* 413 Mich 871 (1982).

What prejudice has respondent suffered? On April 24, 1984, the tribunal concluded that respondent had not been prejudiced materially. Based on petitioners' counsel's failure to attend a conference less than two months later, the tribunal concluded that respondent had suffered substantial prejudice. We find the tribunal's latter conclusion unsupported by the record.

The tribunal found that respondent's counsel had gone through substantial preparation for the June 14, 1984, conference. However, the motion and affidavit filed by respondent referred only to substantial preparation for the May 14, 1984, conference. The record is silent as to the need for further significant preparation for the June conference. As to petitioners' counsel's unavailability for the May conference, respondent's counsel agreed to an adjournment and we thus have cause to doubt the substance of the prejudice to respondent. Furthermore, we note that the answers to respondent's interrogatories were not due by the June 14 conference and, while late, were filed prior to petitioners' answer to the motion to dismiss. The only prejudice to respondent, therefore, that is apparent on the record and that resulted from

petitioners' counsel's failure to attend either the May 14 or June 14 scheduled conference is the cost of respondent's counsel's wasted preparation time. This cost could readily have been assessed against petitioner.

We conclude that, under the circumstances of this case, the tribunal's imposition of the harshest available sanction was an abuse of discretion. Accordingly, we reverse and remand for further proceedings. The tribunal may assess costs against petitioners.

Reversed and remanded.