PERRY v VERNON TOWNSHIP

Docket No. 86998. Submitted December 16, 1986, at Lansing. Decided March 3, 1987.

Ward and Margery Perry, together with a group of other owners of real property in Vernon Township, Shiawassee County, brought a petition before the Michigan Tax Tribunal as a class action contesting the assessment methodology adopted by Vernon Township. The Tax Tribunal determined that it lacked jurisdiction to hear a class action but allowed all those petitioners who had timely protested the 1983 and 1985 assessments thirty days to file individual petitions. Petitioners stipulated to dismissal of their individual claims, with prejudice, so that an appeal of their class action petition could be made as of right.

The Court of Appeals *held:*

The Tax Tribunal's jurisdiction and power are defined by statute, and the tribunal has not expressly been given the power to hear class actions. The power to hear class actions is exclusively within the jurisdiction of the judiciary and cannot be extended by implication. Since the rules of the Tax Tribunal do not provide for class actions, there was no abuse of discretion in dismissing petitioners' class action.

Affirmed.

Taxation — Tax Tribunal — Class Actions.

The Tax Tribunal is without jurisdiction to hear class actions (MCL 205.701 *et seq.;* MSA 7.650[1] *et seq.*).

*Peter Sloan,* for petitioners.

*Lynne D. Bowne,* for respondent.

Before: M. J. Kelly, P.J., and Sullivan and D. R. Carnovale,* JJ.

References
Am Jur 2d, State and Local Taxation §§ 704 *et seq.*
See the annotations in the Index to Annotations under Taxes.

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

M. J. KELLY, P.J. Petitioners, real property owners in Vernon Township, Shiawassee County, are contesting the assessment methodology adopted by respondent, Vernon Township. Petitioners brought their petition before the Tax Tribunal as a class action. For this reason the Tax Tribunal granted in part respondent's motion to dismiss, concluding that the Tax Tribunal lacked jurisdiction to hear a class action. However, the Tax Tribunal also denied in part respondent's motion to dismiss and allowed all those petitioners who had timely protested the 1983 and 1985 assessments thirty days to file individual petitions. Subsequently, petitioners stipulated to dismissal of their individual claims, with prejudice, so that this appeal of their class action petition could be made as of right.

Petitioners originally included one corporate owner of commercial property and thirty-five owners of homestead or agricultural property who petitioned in April, 1983, to have the 1983 assessment methodology adopted by the township declared unconstitutional. Petitioners also argued that respondent had committed a constructive fraud by accepting the assessment methodology.

Respondent's board of trustees had retained an assessment firm to reassess all property in Vernon Township. Petitioners argued that the assessment firm assessed all property based on a "blanket" evaluation of all realty in a similar class. For example, all residential lots from one-half acre to one acre in size located on paved roads were assessed at $5,000. Respondent admitted that a uniform value was applied to various types of parcels, but contended that, regardless, the appraisal method was in accord with state law and universally accepted appraisal methods.

Respondent also argued that only some of the petitioners included in the class action timely

protested their assessments to the board of review. In June, 1985, petitioners filed an amended petition which supported the claims of seventeen of the individual or joint real property owners and which alleged that the petitioners had protested before the board of review at the February, March, and April, 1983, meetings.

> The Tax Tribunal is a "quasi-judicial agency" designed to provide a forum in which taxpayers may obtain relief from adverse agency decisions. The primary functions of the Tax Tribunal are to find facts and review the decisions of agencies within its jurisdiction. [*Wikman v Novi*, 413 Mich 617, 629; 322 NW2d 103 (1982).]

MCL 205.731; MSA 7.650(31) provides:

> The tribunal's exclusive and original jurisdiction shall be:
> (a) A proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under property tax laws.
> (b) A proceeding for refund or redetermination of a tax under the property tax laws.

A party or legal entity which was previously entitled to proceed before the state tax commission or circuit court for determination of a matter subject to the tribunal's jurisdiction as provided in MCL 205.731; MSA 7.650(31) shall proceed only before the tribunal. MCL 205.741; MSA 7.650(41). In the case of an assessment dispute as to property valuation, the assessment must be protested before the board of review before the Tax Tribunal can acquire jurisdiction. MCL 205.735(1); MSA 7.650(35)(1).

Petitioners rely on *Johnson v Michigan,* 113 Mich App 447; 317 NW2d 652 (1982), for the proposition that class actions are maintainable in an appeal brought before the Tax Tribunal. In *Johnson,* the plaintiffs alleged that they protested their assessment before the Board of Review. The plaintiffs claimed that they were first told by the board that group appeals would be more expedient. However, on the last day for hearing appeals the board reversed that decision, believing that group appeals were improper. The *Johnson* Court held that "[i]f plaintiffs had made any protest to the board of review, even in supposedly improper 'group appeals', the protest should be sufficient to invoke jurisdiction of the Tax Tribunal." *Id.* at 460.

Petitioners' reliance on *Johnson* is misplaced. Protest before the Board of Review is merely a precondition to establishing jurisdiction within the Tax Tribunal where property valuation in an assessment is in dispute. MCL 205.735(1); MSA 7.650(35)(1). In allowing a group protest before the board of review to establish the precondition to jurisdiction in the Tax Tribunal, *Johnson* did not extend the jurisdiction of the Tax Tribunal to hear class actions.

The Tax Tribunal's jurisdiction and power are defined by statute. In *Wikman,* the Supreme Court held that the Tax Tribunal, as a quasi-judicial agency, lacked judicial power. *Wikman, supra,* at 647. The Court went on to say that since the tribunal was not expressly granted the power to issue injunctions, such a power could not be extended by implication. Likewise, since the tribunal has not expressly been given the power to hear class actions, that power being exclusively within the jurisdiction of the judiciary, such a power cannot be extended by implication.

The power of the Tax Tribunal to dismiss a petition for noncompliance with a rule of the tribunal is unquestionable and such an action is reviewed for an abuse of discretion. *Stevens v Bangor Twp,* 150 Mich App 756, 761; 389 NW2d 176 (1986). Since the rules of the Tax Tribunal do not provide for class actions, there was no abuse of discretion in dismissing petitioners' class action. See Justice LEVIN's concurring opinion in *Romulus Treasurer v Wayne Co Drain Comm'r,* 413 Mich 728, 764; 322 NW2d 152 (1982), wherein he remarked that

> the rules of the Tax Tribunal do not provide for the maintenance of class actions . . . .

The Legislature, had it desired to do so, has since had time to amend the tribunal's rules to cover the sort of situation petitioners faced here, but we are uninformed as to any such step. The relative merits of any such amendment should be thrashed out in a proper forum.

Affirmed.