# STATE OF MICHIGAN

# COURT OF APPEALS

DANIEL HALLMAN and ROBBIE HALLMAN,

Petitioners-Appellants,

v

CITY OF WARREN,

Respondent-Appellee.

UNPUBLISHED
October 16, 2014

No. 317612
Tax Tribunal
LC No. 00-449486

Before: STEPHENS, P.J., and TALBOT and BECKERING, JJ.

PER CURIAM.

Petitioners appeal as of right the final opinion and judgment of the Tribunal denying their property a poverty tax exemption. We affirm.

## I. STANDARD OF REVIEW

Our review of decisions by the Tribunal is limited. *Mt Pleasant v State Tax Comm*, 477 Mich 50, 53; 729 NW2d 833 (2007). In the absence of fraud, a decision of the Tribunal is reviewed for "misapplication of the law or adoption of a wrong principle." *Briggs Tax Serv, LLC v Detroit Pub Schs*, 485 Mich 69, 75; 780 NW2d 753 (2010). The factual findings of the Tribunal are conclusive "if they are supported by competent, material, and substantial evidence on the whole record." *Liberty Hill Housing Corp v City of Livonia*, 480 Mich 44, 49; 746 NW2d 282 (2008) (internal citations omitted).

## II. MCL 211.7u POVERTY TAX EXEMPTION

Petitioners first argue that the Tribunal erred in not granting them a poverty exemption greater than 10% for the 2012 taxable year under MCL 211.7u. We disagree. This Court construes tax exemption statutes in favor of the taxing government. *OCLC Online Computer Library Ctr, Inc v Battle Creek*, 224 Mich App 608, 611–612; 569 NW2d 676 (1997).

The eligibility requirements for a poverty tax exemption are found in MCL 211.7u. They require that for each year of exemption an applicant must:

(a) Be an owner of and occupy as a principal residence the property for which an exemption is requested.

(b) File a claim with the supervisor or board of review on a form provided by the local assessing unit, accompanied by federal and state income tax returns for all persons residing in the principal residence, . . . If a person was not required to file a federal or state income tax return in the tax year in which the exemption under this section is claimed or in the immediately preceding tax year, an affidavit in a form prescribed by the state tax commission may be accepted in place of the federal or state income tax return.

(c) Produce a valid driver's license or other form of identification . . .

(d) Produce a deed, land contract, or other evidence of ownership of the property . . .

(e) Meet the federal poverty guidelines . . . or alternative guidelines adopted by the governing body of the local assessing unit provided the alternative guidelines do not provide income eligibility requirements less than the federal guidelines.

MCL 211.7u(2)(a)-(e).

At issue in this appeal are subsections (b) and (e). Contrary to respondent's argument that petitioners failed to meet the requirements of subsection (b), petitioner Daniel Hallman filed an affidavit with the 2013 poverty exemption application on March 18, 2013, in which he affirmed his income status and stated that petitioners were not required to file income tax returns in either tax year 2012 or 2013.

Subsection (e) required petitioners to also meet respondent's adopted alternative guidelines. The alternative poverty exemption guidelines adopted by respondent included additional income and asset level requirements. The income level requirements involved submission of tax documents and proof of all sources of income. The asset level requirements included providing bank and investment statements and disclosure of ownership interests in real estate, motor vehicles and other personal property.

The Tribunal reviewed petitioners' eligibility for a poverty tax exemption under respondent's alternative guidelines as required by MCL 211.7u(5). "The board of review shall follow the policy and guidelines of the local assessing unit in granting or denying an exemption under . . . [MCL 211.7u] unless the board of review determines there are substantial and compelling reasons why there should be a deviation from the policy and guidelines and the substantial and compelling reasons are communicated in writing to the claimant." MCL 211.7u(5).

The Tribunal could not determine on the evidence submitted that petitioners met respondent's alternative guidelines. The Tribunal determined petitioners' annual household income was $8,376 by taking into consideration only petitioner Daniel Hallman's social security income. The Tribunal reviewed petitioner Daniel Hallman's 2013 exemption application and noted petitioner indicated his monthly expenses were $860 but his monthly income was $710.

Petitioner Daniel Hallman did not testify to any additional financial assistance or sources of income besides his social security income and at one point his wife's social security income. The Tribunal found that there was insufficient documentation to explain the gap between petitioners' expenses and income. The Tribunal therefore concluded that a 10% reduction in taxable value was appropriate.[1]

Petitioners dispute the competency of the evidence upon which the Tribunal based its decision. We will not disturb the fact findings of the Tribunal, "if they are supported by competent, material and substantive evidence on the whole record." *Liberty Hill Housing Corp.,* 480 Mich at 49. "[T]he tribunal's findings of fact are afforded deference. This is especially true with respect to witness credibility and evidentiary questions." *In re Grant*, 250 Mich App at 19 (internal citation omitted). This Court will not disturb the Tribunal's credibility determinations. *PJ Hospitality, Inc v Dep't of Treasury*, __ Mich App __; __ NW2d __ (2014) slip op p. 4. P

The Tribunal received evidence from petitioners and respondent. Petitioner Daniel Hallman testified that he no longer had any vehicles, one having been sold and the other in an accident. Respondent testified to finding four vehicles parked in petitioner's driveway. The Tribunal found that petitioner Daniel Hallman failed to include any vehicle as an asset. Petitioner Daniel Hallman also testified that he no longer had a cable bill. Respondent testified that petitioner had an active Comcast cable account and that the bill was paid in March 2013. The Tribunal found that petitioner Daniel Hallman failed to list a cable expense in 2013. The Tribunal did not resolve credibility in favor of petitioner Daniel Hallman. Petitioner appears to challenge the admissibility of the testimony regarding the four vehicles calling it "unsubstantiated". "The Legislature has also given the Tax Tribunal considerable leeway with respect to the admissibility of evidence at hearings." *Greer v Dep't of Treasury*, 145 Mich App 248, 253; 377 NW2d 836 (1985). An accusation that evidence is "unsubstantiated" or "inaccurate", without citation to a rule of evidence or statute in support of inadmissibility, deprives the Tribunal and this Court with any basis upon which to find error. "Insufficiently briefed issues are deemed abandoned on appeal." *Etefia v Credit Technologies, Inc*, 245 Mich App 466, 471; 628 NW2d 577 (2001).

We find the factual findings of the Tribunal to be supported by competent, material, and substantial evidence on the whole record.

## III. THE RIGHT TO COUNSEL BEFORE THE TRIBUNAL

Petitioners also argue they were denied their right to be represented by counsel at the Tribunal hearing. We conclude otherwise.

---

[1] The Tribunal opinion makes note of the failure to file tax returns or Homestead Property exemption documents, but does not make any determination that the application was incomplete. Instead, the discussion of the lack of returns is in the context of the Tribunal's finding that there was an unexplained gap between the petitioners' assets and income.

We review the Tribunal's enforcement of its own rules for an abuse of discretion. *Perry v Vernon Twp*, 158 Mich App 388, 392; 404 NW2d 755 (1987). Petitioners cite MCL 205.735a(10) and Tax Tribunal Rule (TTR) 223(1). MCL 205.735a(10) provides that "[a] person or legal entity may appear before the tribunal in his or her own behalf or may be represented by an attorney or by any other person." TTR 223(1)[2] provides

> An attorney or authorized representative may appear on behalf of a party in a proceeding by signing the petition or other document initiating the participation of that party in the proceeding or by filing an appearance. The tribunal may require an attorney or authorized representative to provide a written statement of authorization signed by the party on whose behalf the attorney or authorized representative is appearing.

The statute and the rules provide that petitioners have the option of appearing before the Tribunal on their own behalf or appointing a representative, legal or otherwise authorized to appear for them. Neither rule nor the statute creates an entitlement to representation that deprives the Tribunal of the discretion to conduct hearings in the absence of counsel. On the contrary, the Tribunal rules authorize the Tribunal to "conduct a hearing in the absence of a party", Mich Admin Code R 792.10275(2), and to dismiss the proceedings altogether when petitioners "fail[] to appear or be represented at a scheduled hearing", Mich Admin Code R 792.10275(1) (emphasis added).

Petitioners argue that the Tribunal abused its authority by not granting a postponement of the hearing when petitioners' counsel informed the Tribunal that he was delayed in traffic. The Tribunal explained its reasons for proceeding without counsel being present in the order denying petitioners' motion for reconsideration:

> Although Petitioners correctly identify they are entitled to have an attorney represent them, the Tribunal did not err in conducting the hearing in Petitioner's [sic] attorney's absence. Petitioner's [sic] attorney notified the Tribunal of the delay due to traffic; however, Small Claims hearing are scheduled in half-hour increments with Petitioners' hearing scheduled to commence at 9:00 a.m. and a hearing scheduled to commence at 9:30 a.m. Because of this schedule, the Tribunal Member could not postpone the commencement of the hearing and properly conducted the hearing in Petitioners' attorney's absence.

We cannot find that this decision was outside the range of principled outcomes and thus was not an abuse of discretion.

Petitioners make a due process argument and assert that conducting the hearing without their counsel being present denied them their due process right to a fair hearing. We disagree.

---

[2] Codified as Mich Admin Code, R 792.10223.

Whether a party has been afforded due process is an issue reviewed de novo. *In re Contempt of Henry*, 282 Mich App 656, 668; 765 NW2d 44 (2009). "Due process in civil cases generally requires notice of the nature of the proceedings, an opportunity to be heard in a meaningful time and manner, and an impartial decisionmaker." *Hinky Dinky Supermarket, Inc v Dep't of Community Health*, 261 Mich App 604, 606; 683 NW2d 759 (2004). Petitioners contend they were denied their fundamental right to be heard. This argument is without merit. Petitioners submitted documentary evidence to the Tribunal for consideration in advance of the hearing. Petitioner Daniel Hallman testified at the Tribunal hearing. Petitioners filed a motion for reconsideration of the Tribunal's decision. The petitioners thus had the opportunity to be heard and to have their matters decided before an impartial decision-maker.

Lastly, petitioners assert they had a constitutional right to be legally represented before the Tribunal. However, there is no constitutional right to counsel in civil cases. See *In re CR*, 250 Mich App 185, 197; 646 NW2d 506 (2002), overruled in part on other grounds in *In re Sanders*, 495 Mich 394; 852 NW2d 524 (2014).

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Michael J. Talbot
/s/ Jane M. Beckering