# STATE OF MICHIGAN

# COURT OF APPEALS

---

CSB INVESTORS, STUART URBAN, and JOHN
KIRKPATRICK,

UNPUBLISHED
December 22, 2015

Petitioners-Appellants,

v

No.  322897
Tax Tribunal
LC No.  00-441057

DEPARTMENT OF TREASURY,

Respondent-Appellee.

---

Before:  SAAD, P.J., and STEPHENS and O'BRIEN, JJ.

PER CURIAM.

In this action, petitioners appeal the final opinion and judgment of the Tax Tribunal, which affirmed respondent Department of Treasury's revised assessment of use tax owed by petitioners for the audit period of March 1, 2005, through February 28, 2009.  For the reasons provided below, we affirm.

CSB Investors (CSB) is a Michigan partnership that was originally formed by John Kirkpatrick and Stuart Urban to hold the assets of a Smith Barney investment account.  CSB, which has no employees, invested in stocks and bonds and was also the funding agent for two car dealerships—Dave Smith Pontiac, which was a retail car dealership located in Sturgis, Michigan and Buck Truck & Auto, which was a retail car dealership located in Wisconsin—neither of which are still in business.  Petitioners provided the funds by sending checks to the dealerships, who would then use the money to acquire vehicles for resale at auctions.  Petitioners did not register the title with the Secretary of State; rather, CSB would "hold" the title until the purchased vehicle was sold by the specific dealership, at which time the dealership would repay petitioners and the dealership would turn the title over for registration by the new owner.

The Department of Treasury notified petitioners in 2009 of its intent to conduct a tax compliance audit for the period of March 1, 2005, through February 28, 2009.  Petitioners did not initially cooperate with the department's requests for documentation, and after a lengthy audit, the department filed a final notice of assessment in June 2012, which petitioners challenged.  Ultimately, the Tax Tribunal upheld a reduced assessment.

Our review of tribunal decisions in nonproperty tax cases is limited to determining whether the decision was authorized by law and whether any factual findings were supported by competent, material, and substantial evidence on the whole record.  *Toaz v Dep't of Treasury*,

-1-

280 Mich App 457, 459; 760 NW2d 325 (2008). "Substantial evidence must be more than a scintilla of evidence, although it may be substantially less than a preponderance of the evidence." *Jones & Laughlin Steel Corp v City of Warren*, 193 Mich App 348, 352-353; 483 NW2d 416 (1992). The weight to be accorded to evidence is within the tribunal's discretion. *Great Lakes Div of Nat'l Steel Corp v City of Ecorse*, 227 Mich App 379, 404; 576 NW2d 667 (1998).

The Use Tax Act, MCL 205.91, *et seq.*, "imposes a 6% tax on the use, storage, and consumption of all tangible personal property." *Andrie Inc v Dep't of Treasury*, 496 Mich 161, 168; 853 NW2d 310 (2014); see also MCL 205.93(1). However, MCL 205.94 provides that certain property is exempt from the use tax.

Petitioners argue that the Tax Tribunal erred by applying the "resale' exemption, MCL 205.94(1)(c)(*i*)—which prohibits the state from imposing use tax on property purchased for resale—when it should have applied the "double taxation" exemption, MCL 205.94(1)(b)—which prohibits the state from imposing use tax on property that it is prohibited from taxing, i.e., property that is already taxed by another state. Although the tribunal referenced the resale exemption in relation to both Dave Smith Pontiac and Buck Truck, it is irrelevant under which statutory subsection the exemption was sought. As recognized by the tribunal, the issue in this case was not whether petitioners could prove that their purported sales to Buck Truck were exempt from taxation but, rather, whether petitioners could prove that they sold the vehicles at all. See *Andrie Inc*, 496 Mich at 168 (stating that "[t]he exemption statute unambiguously requires payment of the sales tax before it exempts the taxpayer from the use tax"). Contrary to petitioners' argument, the tribunal rejected their challenge on the basis that there was insufficient evidence to establish that the sales to Buck Truck occurred; the tribunal did not apply the wrong exemption because it did not reach that question.

Petitioners assert that the tribunal's assessment was not supported by competent, material, and substantial evidence on the record and maintain that the evidence they provided established that they were entitled to an exemption, which shifted the burden to treasury to support the assessment. For the entire audit period, with regard to the burden of proof of refuting an assessment, MCL 205.104a(4) provided:[1]

> If the taxpayer fails to file a return or to maintain or preserve proper records as prescribed in this section, or the department has reason to believe that any records maintained or returns filed are inaccurate or incomplete and that additional taxes are due, the department may assess the amount of the tax due from the taxpayer based on information that is available or that may become available to the department. That assessment shall be considered prima facie correct for the purpose of this act and the burden of proof of refuting the assessment shall be upon the taxpayer.

---

[1] The statute was later amended by 2008 PA 439, effective January 9, 2009, but the wording of MCL 205.104a(4) was unaffected.

Therefore, for purposes of the entire audit period, the department's assessment was "considered prima facie correct," and "the burden of proof of refuting the assessment [was] upon the taxpayer." MCL 205.104a(4). The burden shifts to the department to support its claim when the petitioner introduces *credible evidence* with respect to factual issues that are relevant to the issue of tax liability. See *Holy Spirit Ass'n for Unification of World Christianity v Dep't of Treasury*, 131 Mich App 743, 752-755; 347 NW2d 707 (1984) (noting that the burden of going forward with evidence related to tax liability may be shifted to the opposing party and concluding that the petitioner met that burden by presenting direct testimony by church members involved in the disputed transactions as well as documentary evidence).

We conclude that petitioners failed to shift the burden to the department because their evidence was not credible. It is undisputed that petitioners were not responsive initially to the department's request for validating documentation. Petitioners ultimately submitted exhibit P-30—which contained listings of vehicles purportedly sold for each of the audit years, including the VIN, make, model, year, and sale price, and was on Buck Truck stationary—to support their claim that the vehicles were sold to Buck Truck. This evidence was not persuasive because the exhibit merely listed the vehicles, with no exact date of sale to Buck Truck and no cancelled checks or bank statements for verification; the department was not required to accept the purported figures "at face value." Only two witnesses testified at the hearing—petitioners' certified public accountant, David Locey, and the Department of Treasury's auditor, Erica Tucker. We hold that the tribunal's acceptance of the auditor's testimony and resulting conclusion is supported by competent, substantial, and material evidence on the record and that it was within the tribunal's discretion to determine what weight to accord all the evidence presented. See *Great Lakes Div*, 227 Mich App at 404. Petitioners simply did not maintain proper records from which treasury could confirm the purported sales to Buck Truck. While Locey testified that he *thought* P-30 was compiled from information contained in Buck Truck files, he had no personal knowledge of the transactions. With no direct testimony, documents, or cancelled checks confirming the purported transactions, the tribunal properly concluded that the evidence was not sufficient to refute the prima-facie-accurate assessment.

Further, to the extent petitioners argue that the tax imposed was unconstitutional because sales tax was already paid in Wisconsin for the purported vehicle sales, we note that this Court does not reach constitutional issues that are not necessary to resolve a case. *Booth Newspapers, Inc v Univ of Mich Bd of Regents*, 444 Mich 211, 234-235; 507 NW2d 422 (1993). Petitioners funded the purchase of certain vehicles and claimed the sale of those vehicles to Buck Truck as gross receipts on its federal tax returns. This issue can be resolved on state grounds—specifically that petitioners failed to rebut the presumption that the assessment was accurate. Thus, we do not have to reach the constitutional issue. *Id*.

We note that petitioners' reliance on *Anderson v Dep't of Treasury*, (MTT Docket No. 359228), issued March 28, 2012, is misplaced. In *Anderson*, *id*. at 1-3, the petitioners sold tangible property through its retail store located in the Upper Peninsula close to the Wisconsin border, as well as at various events throughout other states (so-called "gypsy selling" at fairs, flea markets, etc.). On the basis of advice from the Secretary of State's office, the petitioners did not collect sales tax on horse trailers that they sold but instead gave the customer a bill of sale and left the customer to pay tax, title, and registration fees to settle with the Secretary of State when the customer purchased the license plate. When the petitioners later started selling used

pickup trucks, they used the same system of not collecting and remitting sales tax on these transactions as well. The petitioner also did not remit sales tax for horses it sold both in-state and out-of-state. The petitioners' lack of detailed records was complicated by loss due to a fire that occurred during the relevant audit period. The tribunal noted that while an organization may not be liable for a tax merely because it failed to keep accurate and complete records, the petitioners "failed to comply with substantiation requirements of the General Sales Tax Act," which could have satisfied their burden of proof. *Id*. at 3-4. The tribunal concluded that the petitioners' testimony at the hearing was insufficient to substantiate their claim as to their nontaxable sales because they were unable to recall any of the pertinent transactional details from which the tribunal could reconstruct the transactions or from which the petitioners' claims could be substantiated. *Id*. at 4-5. The tribunal reasoned that the treasury "acted reasonably in its audit methodology basing its assessment upon the information that was available and obtainable from [the] Petitioners and after meeting with [the] Petitioners and their CPA." *Id*. at 5.

We conclude that *Anderson* does not support petitioners' position. Like the petitioners in *Anderson*, petitioners here failed to maintain detailed records of its business transactions with Buck Truck. The tribunal clearly gave little weight to Locey's testimony at the hearing, which was within the tribunal's discretion. *Great Lakes Div*, 227 Mich App at 404. Locey was not directly involved in the transactions, and his testimony was not supported by cancelled checks from which the auditor could have verified sales. If such testimony and lack of verification were allowed to substantiate sales, it would eviscerate the MCL 205.104a requirement that petitioners maintain "proper records" and would basically allow substantiation on the basis of a "trust me" declaration.

Petitioners also argue that the tribunal committed an error of law by applying the recordkeeping requirement set forth in MCL 205.104(1)—which required a party seeking an exemption to keep a record of the name and address of the person to whom the sale was made, rather than MCL 205.104a(1)—which required a party seeking an exemption for a sale for resale at retail to keep a record of the sales tax license number if the person has a sales tax license. However, the tribunal acknowledged and corrected the mistake in its final opinion and judgment, a fact that petitioners do not address in their brief. Petitioners also fail to address the tribunal's conclusion that the error was *de minimis*; in other words, it had no impact on the outcome of the case regardless of which recordkeeping statute was applied. We consider this issue abandoned because petitioners have not fully addressed its merits. See *Barrow v Detroit Election Comm*, 301 Mich App 404, 418 n 6; 836 NW2d 498 (2013) (recognizing that an appellant abandons an issue on appeal when it gives it cursory treatment).

Petitioners further aver that the tribunal erred by excluding purported exemption certificates, titled "Michigan Sales and Use Tax Certificates of Exemption," at the hearing. Petitioners claim that the exhibits were admissible pursuant to MCL 205.104b(7)(e). MCL 205.104b(7) provides:

> If the seller has not obtained an exemption form or all relevant data elements, the seller may either prove that the transaction was not subject to the tax under this act by other means or obtain a fully completed exemption form from the purchaser, by the later of the following:

-4-

(a) 120 days after a request by the department.

(b) The date an assessment becomes final.

(c) The denial of a claim for refund.

(d) In the instance of a credit audit, the issuance of an audit determination letter or informal conference decision and order or determination.

(e) The date of a final order of the court of claims or the Michigan tax tribunal, as applicable, with respect to an assessment, order, or decision of the department.[2]

Petitioners argue that the tribunal erred as a matter of law in excluding admission of the documents because, even though admission would violate the tribunal's order prohibiting admission of any documents not provided before the close of discovery, subpart (e) of the statute allows admission of the certificate at any time before the date of the tribunal's final order.

As recognized by the tribunal, it is unnecessary to address the interplay between MCL 205.104b(7)(e), which appears to allow admission of certificates of exemption up until entry of the final opinion and judgment, and a tribunal order prohibiting admission of such a document after discovery has closed but before entry of a final order. The tribunal properly concluded that even if the certificates were admitted and considered, it would not affect the assessment. The purported exemption certificates did not address petitioners' evidentiary problem in so far as petitioners' proofs failed to establish that certain vehicles were actually sold to Buck Truck. We have already concluded that the tribunal's order of assessment was supported by competent, material, and substantial evidence on the record, and inclusion of the exemption certificates would not alter the resolution of this issue.

We similarly are not persuaded by petitioners' argument that the tribunal committed an error of law by refusing to consider documents submitted with its exceptions to the proposed opinion and judgment. Mich Admin Code, R 792.10257 (TTR 257) provides that the tribunal may order "a rehearing or reconsideration of any decision or order upon its own initiative or the motion of any party filed within 21 days of the entry of the decision or order sought to be reheard or reconsidered." Accordingly, because "exceptions are limited to the evidence submitted *prior to or otherwise admitted at the hearing* and any matter addressed in the proposed opinion," Mich Admin R 792.10289 (emphasis added), the tribunal did not err as a matter of law by refusing to consider the specified documents.

Petitioners also challenge on two grounds the tribunal's order granting the department's motion to strike petitioners' amended and supplemental petition, which was filed after the close of discovery. This Court reviews for an abuse of discretion the tribunal's decision to enforce its own rules. See *Perry v Vernon Twp*, 158 Mich App 388, 392; 404 NW2d 755 (1987).

---

[2] We note that the tribunal addressed this issue even though it recognized that MCL 205.104b(7) was only in effect for a portion of the audit period.

First, under Mich Admin Code R 792.10221(1), "[a] petition . . . may be amended or supplemented by leave of the tribunal only." Petitioners did not seek leave to file their amended and supplemental petition. Rather, it simply filed the petition, contrary to the tribunal rule. Further, even if petitioners had requested leave to amend, justice did not require that the amendment be granted given petitioners' delay in responding to the audit and lack of detailed records. See Mich Admin Code R 792.10221(1) (stating that leave to amend "shall be freely given when justice so requires"). The department continued to work with petitioners to verify which sales were exempt from use and sales tax, and at the time the complex amended petition was filed, discovery was closed. Given the history of the case, the tribunal did not abuse its discretion by granting treasury's motion to strike the pleading.

Second, petitioners rely on our Supreme Court's decision in *Fradco, Inc v Dep't of Treasury*, 495 Mich 104; 845 NW2d 81 (2014), to argue that the amended petition should have been considered a timely original petition because it was a timely refiling under the appeal period established in that case. Because the facts of the case are distinguishable, we disagree. In *Fradco*, the Court held that, because the treasury is required to give notice of an assessment to the appointed representative of the taxpayer, "the appeal period begins when the [treasury] complies with MCL 205.28(1)(a) by giving the taxpayer notice of the final assessment through personal service or certified mail and MCL 205.8 by sending a copy of the notice of the final assessment to the representative's address provided by the taxpayer in its written request." *Id.* at 118. Unlike the circumstances in *Fradco*, in the instant case, a copy of the notice of the final assessment was sent to Locey, petitioners' representative, and the original petition was filed on June 21, 2012, within the statutory appeal period. Thus, petitioners' argument that the amended petition should have been treated as an original petition for lack of notice is without merit.

Affirmed.

/s/ Henry William Saad
/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien