# STATE OF MICHIGAN

# COURT OF APPEALS

AMVENT HOLDINGS, LLC,

      Petitioner-Appellant,

v

CITY OF SOUTHFIELD,

      Respondent-Appellee.

UNPUBLISHED
March 23, 2017

No. 329699
Tax Tribunal
LC No. 2014-001519-TT

Before: CAVANAGH, P.J., and SAWYER and SERVITTO, JJ.

PER CURIAM.

Petitioner appeals as of right the Michigan Tax Tribunal's order dismissing its case. We affirm.

On May 20, 2014, petitioner filed a petition with the tribunal asserting the following: (1) it solely owned a commercial property located on Telegraph Road in Southfield; (2) respondent levied taxes on the subject property; (3) the 2014 assessed, state-equalized, and taxable values imposed on the property, as well as the taxes levied, were invalid and unlawful; and (4) it requested review of the values in a meeting before the Southfield Board of Review, but the Board failed to adjust the values. The petition requested that the tribunal enter an order reducing the 2014 assessed, state-equalized, and taxable values of the property, and requiring respondent to pay any refunds owed, plus interest and costs. In an order entered August 19, 2015, the tribunal granted petitioner's motion to add tax year 2015 to the petition.

The tribunal sent a notice of the prehearing conference to both parties on August 18, 2015, indicating that the conference had been scheduled for September 22, 2015. The notice stated, "Failure to appear at or otherwise participate in the prehearing conference may result in the dismissal of the case **or** the conducting of default hearing."

On September 24, 2015, the tribunal entered an order dismissing petitioner's case, finding that petitioner failed to appear for the duly-noticed prehearing conference. Under a section entitled appeal rights, the tribunal cited Michigan Admin Code R 792.10257, and stated, "If you disagree with the final decision in this case, you may either file a motion with the Tribunal requesting the Tribunal to reconsider the final decision (i.e., a motion for reconsideration) or appeal the final decision to the Michigan Court of Appeals (i.e., a claim of appeal)."

-1-

Petitioner filed a motion to set aside the order of dismissal and brief in support, pursuant to Rule 792.10231, on October 5, 2015, asserting that petitioner's counsel received notice of the prehearing conference, but improperly entered the matter in his calendar for October 22, 2015. It argued that the order of dismissal should be set aside because, before dismissing its case, the tribunal should have carefully considered less drastic options on the record, and determined that petitioner did not act willfully and had no history of noncompliance with court orders, and that respondent would not have been prejudiced by simply resetting the prehearing conference.

On October 15, 2015, the tribunal entered an order denying petitioner's motion to set aside the order of dismissal, but treating the motion as a motion for reconsideration. It acknowledged that petitioner's failure to appear at the conference was not willful, but cited MCR 2.119, and reasoned that this "rationale does not demonstrate a palpable error relative to the dismissal that misled the Tribunal and the parties and that would have resulted in a different disposition if the error was corrected." It stated further: "Rather, the Tribunal did not err in dismissing the case, as dismissal was a warranted sanction under TTR 247(9). Even though this section states a petitioner's failure to appear to the prehearing conference *may* result in the dismissal of the case, the Tribunal's dismissal was justified."

Petitioner first argues on appeal that the tribunal erred when it dismissed the petition. We disagree.

"Our review of a decision of the Tax Tribunal is typically limited to whether the decision was authorized by law and whether the tribunal's findings were supported by competent, material, and substantial evidence on the whole record." *Prof Plaza, LLC v Detroit*, 250 Mich App 473, 474; 647 NW2d 529 (2002), citing *Kostyu v Dep't of Treasury*, 170 Mich App 123, 131; 427 NW2d 566 (1988); see also Const 1963, art 6, § 28. This Court reviews "a decision by the Tax Tribunal to dismiss a petition for failure to comply with its rules or orders" for an abuse of discretion. *Grimm v Dep't of Treasury*, 291 Mich App 140, 149; 810 NW2d 65 (2010), citing *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). "The abuse-of-discretion standard recognizes that there will be circumstances in which there will be more than one reasonable and principled outcome, and selection of one of these principled outcomes is not an abuse of discretion." *Grimm*, 291 Mich App at 149, citing *Prof Plaza, LLC*, 250 Mich App at 475.

The prehearing conference notice sent to the parties indicated that "[f]ailure to appear at or otherwise participate in the prehearing conference may result in the dismissal of the case **or** the conducting of default hearing." In its order dismissing the petition, the tribunal stated that it dismissed petitioner's case for failure to appear at the duly-noticed prehearing conference. Finally, in its order denying petitioner's motion to set aside the dismissal, which it treated as a motion for reconsideration, the tribunal reasoned that "dismissal was a warranted sanction under TTR 247(9)."

Rule 792.10247 applies specifically to prehearing conferences, and subsection (9) states, "Failure to appear at a duly scheduled prehearing conference may result in the dismissal of the contested case or the scheduling of a default hearing as provided in R 792.10231(4)." In turn, Rule 792.10231(4) provides:

Failure of a party to properly prosecute the contested case, comply with these rules, or comply with an order of the tribunal is cause for dismissal of the contested case or the conducting of a default hearing for respondent. Upon motion made within 21 days of the entry of the order, an order of dismissal may be set aside by the tribunal for reasons it considers sufficient.

"The power of the Tax Tribunal to dismiss a petition because of a petitioner's noncompliance with a rule or order of the Tribunal is unquestionable." *Stevens v Bangor Twp*, 150 Mich App 756, 761; 389 NW2d 176 (1986), citing *Lawrence v Dep't of Treasury*, 128 Mich App 741; 341 NW2d 200 (1983).

Petitioner does not dispute that it received notice of the prehearing conference, or that the tribunal has the general authority to dismiss cases for a party's failure to comply with the tribunal's rules. Instead, petitioner cites *Stevens* and *Grimm* to argue that the tribunal committed error requiring reversal when it failed to consider, on the record, less drastic options for dismissing its case.

In *Stevens*, the tribunal entered an order dismissing the petitioner's case for failure to appear at an agreed-upon conference. *Stevens*, 150 Mich App at 759-760. In so doing, the tribunal reasoned that the respondent had suffered prejudice as a result of the petitioner's failure to attend. *Id*. at 760. This Court reversed the dismissal, finding that the tribunal abused its discretion by imposing the sanction of dismissal because the record did not support the tribunal's conclusion that the respondent had actually suffered prejudice. *Id*. at 761-762.

In *Grimm*, the tribunal placed a petitioner in default for failing to submit a proper proof of service and assessment numbers, and subsequently entered an order of dismissal for failure to cure the default. *Grimm*, 291 Mich App at 142-144. This Court reversed the dismissal, reasoning that, "[w]hen considering the sanction of dismissal, the record should reflect that the Tax Tribunal 'gave careful consideration to the factors involved and considered all its options in determining what sanction was just and proper in the context of the case before it.' " *Id*. at 149-150, quoting *Bass v Combs*, 238 Mich App 16, 26; 604 NW2d 727 (1999), overruled in part on other grounds by *Dimmitt & Owens Fin, Inc v Deloitte & Touche (ISC), LLC*, 481 Mich 618, 628; 752 NW2d 37 (2008). Specific factors to be considered include:

(1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Id*. at 149, quoting *Vicencio v Jaime Ramirez, MD, PC*, 211 Mich App 501, 507; 536 NW2d 280 (1995).]

Both *Stevens* and *Grimm* are distinguishable. In this case, unlike in *Stevens*, the tribunal did not dismiss petitioner's appeal based on a finding that respondent suffered prejudice as a result of petitioner's failure to attend the prehearing conference. Instead, the tribunal simply exercised its authority, pursuant to Rule 792.10247(9), to dismiss petitioner's case for failure to appear at the prehearing conference.

Further, *Grimm* involved the tribunal's use of dismissal as a sanction for failing to cure a default. Here, in contrast, the tribunal dismissed petitioner's appeal pursuant to Rule 792.10247(9), which specifically applies to prehearing conferences and grants the tribunal the authority to either dismiss a case for a petitioner's failure to appear, or hold a default hearing. No default was issued. Thus, the tribunal had no obligation to consider less drastic consequences for petitioner's failure to appear, and did not abuse its discretion by dismissing the case.

Petitioner also argues, on appeal, that the tribunal improperly evaluated its motion to set aside the dismissal as a motion for reconsideration, and should not have applied MCR 2.119(F). We disagree.

"Our review of a decision of the Tax Tribunal is typically limited to whether the decision was authorized by law and whether the tribunal's findings were supported by competent, material, and substantial evidence on the whole record." *Prof Plaza, LLC*, 250 Mich App at 474, citing *Kostyu*, 170 Mich App at 131; see also Const 1963, art 6, § 28. This Court reviews "a decision by the Tax Tribunal to dismiss a petition for failure to comply with its rules or orders" for an abuse of discretion. *Grimm*, 291 Mich App at 149, citing *Prof Plaza, LLC*, 250 Mich App at 475. Actions of the tribunal are subject to the abuse of discretion standard. *Stevens*, 150 Mich App at 761. "The abuse-of-discretion standard recognizes that there will be circumstances in which there will be more than one reasonable and principled outcome, and selection of one of these principled outcomes is not an abuse of discretion." *Grimm*, 291 Mich App at 149, citing *Maldonado*, 476 Mich at 388.

In its order of dismissal, the tribunal informed petitioner that if it disagreed with the order, it should either file a motion for reconsideration, or file a claim of appeal in this Court. In so doing, it cited Rule 792.10257. Rule 792.10257(1) states, "The tribunal may order a rehearing or reconsideration of any decision or order upon its own initiative or the motion of any party filed within 21 days of the entry of the decision or order sought to be reheard or reconsidered." Rather than file a motion for reconsideration, petitioner filed a motion to set aside the order of dismissal pursuant to R 792.10231. Rule 792.10231(4) provides: "Failure of a party to properly prosecute the contested case, comply with these rules, or comply with an order of the tribunal is cause for dismissal of the contested case or the conducting of a default hearing for respondent. Upon motion made within 21 days of the entry of the order, an order of dismissal may be set aside by the tribunal for reasons it considers sufficient."

Treating petitioner's motion to set aside the order of dismissal as a motion for reconsideration, the tribunal denied the motion, stating: "[E]ven though Petitioner's failure to appear [at] the prehearing conference was not willful and was due to an improper calendaring of the event, this rationale does not demonstrate a palpable error relative to the dismissal that misled the Tribunal and the parties and that would have resulted in a different disposition if the error was corrected. Rather, the Tribunal did not err in dismissing the case, as dismissal was a warranted sanction under TTR 247(9)." In so doing, it cited MCR 2.119.

Pursuant to MCR 2.119(F)(1), "[u]nless another rule provides a different procedure for reconsideration of a decision (see, e.g., MCR 2.604[A], 2.612), a motion for rehearing or reconsideration of the decision on a motion must be served and filed not later than 21 days after entry of an order deciding the motion." Further, MCR 2.119(F)(3) provides:

Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

Petitioner appears to argue that, had the tribunal not applied MCR 2.119(F) when evaluating its motion to set aside the order of dismissal, it would have granted the motion in light of the caselaw cited in support of the first issue raised on appeal. We disagree. First, petitioner's brief in support of the motion to set aside the order of dismissal made arguments nearly identical to those made in support of the first issue raised in its brief on appeal. Thus, the tribunal considered, and rejected, petitioner's arguments related to the application of *Stevens* and *Grimm* to this case. Despite petitioner's assertion to the contrary, then, the tribunal would likely still have denied the motion, even had it not applied MCR 2.119(F). Further, as discussed above, the tribunal did not abuse its discretion when it dismissed the case as a result of petitioner's failure to appear at the prehearing conference, and failed to consider the *Grimm* factors on the record. Therefore, even assuming, without deciding, that the tribunal should not have applied MCR 2.119(F) to petitioner's motion, it did not abuse its discretion by denying the motion.

Affirmed.

/s/ Mark J. Cavanagh
/s/ David H. Sawyer
/s/ Deborah A. Servitto

-5-