Per Curiam.
 

 Petitioner appeals as of right from a Tax Tribunal order dismissing its petition challenging its property tax assessments for 1998 and 1999. The petition was dismissed for failure to file a conforming valuation disclosure. We reverse and remand.
 

 This case involves an appeal of respondent’s assessment and the taxable and state equalized values of petitioner’s property. Pursuant to a prehearing scheduling order issued by the Tax Tribunal, petitioner was required to file a valuation disclosure by a specified date. Petitioner received an extension of time to file the valuation, and then later filed a motion to withhold and place a protection order on the valuation. Attached to the motion was a document titled “Valuation Disclosure,” which appeared to be an affidavit from petitioner’s expert who concluded that the 1997 sale price of the property was the best indication of its value.
 

 The tribunal issued an order in which the referee found that petitioner’s valuation disclosure did not meet the criteria of the applicable administrative rule and ordered petitioner to file a proper disclosure within twenty-one days. The order did not state why the disclosure was deficient; it merely quoted the language of the rule. When petitioner failed to file a new disclosure, the tribunal dismissed petitioner’s appeal.
 

 Our review of a decision of the Tax Tribunal is typically limited to whether the decision was authorized by law and whether the tribunal’s findings were supported by competent, material, and substantial evidence on the whole record.
 
 Kostyu v Dep’t of Treasury,
 
 170 Mich App 123, 131; 427 NW2d 566 (1988).
 
 *475
 
 Although the Tax Tribunal has the authority to dismiss a petition for failure to comply with its rules or orders,
 
 Kostyu,
 
 supra, the tribunal’s actions in that regard are reviewed for an abuse of discretion.
 
 Stevens v Bangor Twp,
 
 150 Mich App 756, 761; 389 NW2d 176 (1986). An abuse of discretion exists where the result is so palpably and grossly violative of fact and logic that it indicates a perversity of will, a defiance of judgment, or the exercise of passion or bias.
 
 Dep’t of Transportation v Randolph,
 
 461 Mich 757, 768; 610 NW2d 893 (2000).
 

 In this case, the tribunal concluded that the valuation disclosure did not meet the standards required by 1996 AACS, R 205.1101(l)(m), presently 1999 AC, R 205.1101(l)(m), which provides in part:
 

 “Valuation disclosure” means documentary or other tangible evidence in a property tax appeal which a party relies upon in support of the party’s contention as to the true cash value of the subject property or any portion thereof and which contains the party’s value conclusions and data, valuation methodology, analysis, or reasoning in support of the contention.
 

 The tribunal never specifically informed petitioner how its disclosure failed to comply with the rule, or what petitioner had to do to bring the disclosure into compliance. The rule defines a valuation disclosure; however, there is no requirement in the rule that the disclosure contain any particular information, and nowhere in the language of the rule does it suggest that the disclosure must meet any specific “criteria.”
 

 The ultimate issue in this case concerned the true cash value of petitioner’s property. The burden of proof was on petitioner to establish the true cash value of the property.
 
 Jones & Laughlin Steel Corp v
 
 
 *476
 

 City of Warren,
 
 193 Mich App 348, 353; 483 NW2d 416 (1992). “True cash value is synonymous with fair market value.”
 
 Id.-,
 
 MCL 211.27. In its valuation disclosure, petitioner’s expert opined that the true cash value of the property was reflected by the purchase price for the property in 1997. Evidence of the selling price of property is relevant in determining the taxable value of property.
 
 Jones & Laughlin, supra
 
 at 353-354;
 
 Great Lakes Division of Nat’l Steel Corp v Ecorse,
 
 227 Mich App 379, 389-390; 576 NW2d 667 (1998). Accordingly, petitioner’s valuation disclosure identified relevant, admissible evidence in support of its position regarding the taxable value of its property.
 

 Our previous decisions imply that the Tax Tribunal should be permissive in the admission of relevant evidence of the fair market value of property subject to an appeal, even if that evidence is not determinative. See
 
 Jones & Laughlin, supra
 
 at 353-354. The tribunal’s unexplained, perfunctory rejection of the valuation disclosure in this case does not appear to comport with this permissive evidentiary standard.
 

 We believe that petitioner’s valuation disclosure satisfied the requirements of Rule 205.1101(l)(m) by setting forth the evidence it was relying on to support its position and by identifying the basis for its conclusion with regard to value, i.e., the 1997 purchase price of the property. Further, the disclosure served its purpose of putting respondent on notice of petitioner’s evidence regarding the value of the property. Accordingly, the tribunal abused its discretion in dismissing the petition for failure to file a conforming valuation disclosure.
 

 
 *477
 
 Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.