# STATE OF MICHIGAN

# COURT OF APPEALS

GAYLORD DEVELOPMENT WEST,

        Petitioner-Appellant,

v

TOWNSHIP OF LIVINGSTON,

        Defendant-Appellee.

UNPUBLISHED
January 10, 2017

No. 329506
Tax Tribunal
LC No. 15-004000-TT

EDGEWOOD HOLDINGS, L.L.C.,

        Petitioner-Appellant,

v

CITY OF GAYLORD,

        Defendant-Appellee.

No. 329509
Tax Tribunal
LC No. 15-003999-TT

EDGEWOOD HOLDINGS, L.L.C.,

        Petitioner-Appellee,

v

CITY OF GAYLORD,

        Defendant-Appellee.

No. 329510
Tax Tribunal
LC No. 15-003998-TT

Before: WILDER, P.J., and BORRELLO and GLEICHER, JJ.

PER CURIAM.

    A commercial taxpayer aggrieved by a property tax assessment may seek relief in the Michigan Tax Tribunal by "filing a written petition on or before May 31 of the tax year involved." MCL 205.735a(6). Under the Tax Tribunal rules, a petition must contain specific

-1-

information and conform to a structure dictated by the MTT. The petitioners in these consolidated cases, represented by the same counsel, filed single-sentence documents in the MTT claiming "appeal[s]" from decisions of Boards of Review. The MTT rejected these filings by way of "Notice[s] of No Action."

Petitioners later filed amended petitions that conformed to the Tax Tribunal Rules, but the MTT dismissed them as untimely. Petitioners assert that their original filings qualified as timely "petitions" and that the MTT erred by rejecting them. We hold that the MTT clerk did not abuse her discretion by refusing to accept petitioners' defective initial filings, and affirm.

I

Petitioners Edgewood Holdings, L.L.C. and Gaylord Development West are the owners of commercial properties in the City of Gaylord and Livingston Township, respectively. Both petitioners retained attorney David Delaney to appeal three different taxable value determinations made by local tax authorities. The filings were dated May 27, 2015 (Gaylord West) and May 28, 2015 (Edgewood). In all three cases, Delaney filed a single sentence "claim of appeal" in the Small Claims Division of the MTT. But for the names of the involved parties, the claims were identically worded. The document filed on behalf of petitioner Gaylord Development West stated:

## CLAIM OF APPEAL

Petitioner, Gaylord Development West, claims an appeal from the May 2015 Livingston Township Board of Review Denial.

On June 3, 2015, the MTT clerk mailed Delaney a "Notice of No Action" in each case. The notice stated in relevant part:

TAKE NOTICE:

You have filed an Appeal Letter with no filing fee. You were, however, were [sic] required to file a Petition and may have been required to pay a fee for the filing of that Petition to initiate an Appeal with the Tribunal. See Michigan Complied [sic] Law Section ("MCL") 205.735a and Tax Tribunal Rule ("TTR") 219.

If you are filing an Appeal in the Entire Tribunal, there are no Petition Forms for such Appeals. Rather, you are required to create a Petition, as provided by TTR 221 and 227.

If you are filing an Appeal in the Small Claims Division, Petition Forms are available on the Tribunal's web site at www.michigan.gov/taxtrib. *You must utilize the Small Claims Petition Form for the issue being appealed* (i.e., Valuation or Poverty Appeal, Denial of Exemption for Principal Residence/Qualified Agricultural Appeal, etc.) *or submit a Petition that is in substantial compliance with the Small Claims Petition Form for the issue being appealed. See TTR 277.*

* * *

Because you did not file a Petition with appropriate filing fee, your Appeal is not properly pending. If you want to initiate an Appeal, you need to submit a Petition with appropriate filing fee by the statutory deadline for the filing of that Petition. See MCL 205.735a. If the Petition with appropriate filing fee is submitted after that date, your Petition will be considered untimely. Tribunal filing fees for Entire Tribunal petitions and motions are governed by TTR 217 and Small Claims petitions and motions are governed by TTR 267. See also TTR 219, 225, 261, and 277. The rules and a summary of the fees can be found on the Tribunal's website at www.michigan.gov/taxtrib. [Emphasis added.]

On June 11, 2015, Delaney filed in each case a "Reply to Notice of No Action," contending that MCL 205.735 and MCL 205.735a "govern when 'jurisdiction' is 'invoked' in the Tax Tribunal," and that these statutes require only the filing of a "written petition." In at least 10 prior cases, Delaney asserted, he had filed exactly the same "claim of appeal" and had later filed a conforming petition and the necessary fee. Delaney summarized, "Petitioner's . . . Claims of Appeal were timely filed in compliance with MCL 205.735a to invoke the jurisdiction of the Tribunal. The Tribunal Rules, when read together with MCL 205.735a, do not provide for the filing of property tax appeal petition [sic] and fees with the appeal to invoke jurisdiction."

On July 1, 2015, Delaney filed conforming petitions in all three cases and remitted a filing fee. On July 30, Tribunal Judge Steven Lasher issued an "Order Dismissing Case" in each of the three appeals, stating that "Petitioner's 'Claim of Appeal' was not a petition," as "Petitioner did not use a petition form made available by the Tribunal and the claim was not in a written form that was in substantial compliance with the Tribunal's form." Judge Lasher acknowledged that "[a]lthough the Tribunal may have accepted such claims or, more appropriately, letters in the past, said practice was contrary to statute and the statute controls[.]" The MTT had amended its Rules of Practice and Procedure in 2013, Judge Lasher continued, "to clarify or correct that process and those amendments were widely-publicized." Judge Lasher concluded that given these facts, "the Tribunal has no authority over Petitioner's assessment appeal." He judged the July petitions untimely and ruled that the MTT lacked any "equitable powers" that would permit it "to waive statutory requirements or filing deadlines."

Delaney filed three motions for reconsideration, again asserting that MCL 205.735a required only a "petition" to invoke the MTT's jurisdiction and that the claims of appeal he had filed qualified as petitions. Judge Lasher denied the motions for reconsideration, reiterating that "the filing of a petition is required to invoke the Tribunal's authority." The Tax Tribunal Act, MCL 205.701 *et seq.*, does not define the term "petition," Judge Lasher admitted, but *Black's Law Dictionary* (10th ed), does. The two definitions set forth in *Black's*, Judge Lasher stated, are: " '[a] formal written request presented to a court or other official body,' " and " '[i]n some states, the first pleading in a lawsuit.' " *Id*. at 1329 (alteration by MTT). A "pleading," in turn, is defined as " '[a] formal document in which a party to a legal proceeding . . . sets forth or responds to allegations, claims, denials, or defenses.' " *Id*. (brackets by MTT). Judge Lasher rejected Delaney's argument that his "claims of appeal" constituted "petitions," reasoning that they "failed to properly place the Tribunal and Respondent on notice of the purported claims and

the assessment or assessments at issue." Delaney's conforming petitions were untimely, Judge Lasher emphasized, and the MTT had not erred in dismissing the cases.

Delaney now appeals.

## II

Our ability to review MTT decisions is generally quite limited. *President Inn Props, LLC v Grand Rapids*, 291 Mich App 625, 630; 806 NW2d 342 (2011). We may determine "whether the tribunal committed an error of law or adopted a wrong legal principle." *Mich Milk Producers, Ass'n v Dep't of Treasury*, 242 Mich App 486, 490; 618 NW2d 917 (2000). We review de novo questions of statutory interpretation, *Wexford Med Group v City of Cadillac*, 474 Mich 192, 202; 713 NW2d 734 (2006), and for an abuse of discretion the MTT's dismissal of "a petition for failure to comply with its rules or orders." *Professional Plaza, LLC v Detroit*, 250 Mich App 473, 475; 647 NW2d 529 (2002). "A trial court does not abuse its discretion when its decision falls within the range of principled outcomes." *Rock v Crocker*, 499 Mich 247, 255; 884 NW2d 227 (2016).

## III

The MTT "has exclusive and original jurisdiction over," in relevant part, "[a] proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under the property tax laws of this state." MCL 205.731(a).

> The jurisdiction of the tribunal in an assessment dispute as to . . . commercial real property, industrial real property, developmental real property, commercial personal property, industrial personal property, or utility personal property is invoked by a party in interest, as petitioner, filing a written petition on or before May 31 of the tax year involved. [MCL 205.735a(6).]

The Tax Tribunal Act does not define the term "petition."

Several Tax Tribunal Rules address the requirements for a "petition." The rules are divided into three sections: general provisions, "entire tribunal" rules, and rules governing "small claims." Mich Admin Code R 792.10215, TTR 215, provides that the "entire tribunal" rules "govern practice and procedure in all contested cases pending in the entire tribunal[.]" "If an applicable entire tribunal rule does not exist, the 1995 Michigan rules of court" and certain sections of the administrative procedures act "shall govern." *Id*.

The "entire tribunal" rules state that "[a] contested case is commenced by mailing or delivering a petition to the tribunal with the appropriate filing fee within the time periods prescribed by statute." Mich Admin Code R 792.10219(1), TTR 219(1). Mich Admin Code R 792.10221(1), TTR 221(1), provides: "An application for review or any other document initiating a contested case is considered to be a petition." The petition and answer are "pleadings," and no other pleadings are permitted. *Id*. All "pleadings" filed in the MTT must contain the caption "Michigan Tax Tribunal," "[t]he title of the appeal," the docket number of

the appeal after it has been assigned, and "[a] designation showing the nature of the pleading or motion." TTR 221(2)(a)-(d).

Mich Admin Code R 792.10227, TTR 227, applicable in "entire tribunal matters," advances more demanding requirements for a petition that closely approximate the "general rules of pleading" found in MCR 2.111. Specifically, TTR 227(1) provides in part: "A petition shall contain a statement of facts, without repetition, upon which the petitioner relies in making its claim for relief. The statement shall be made in separately designated paragraphs. The contents of each paragraph shall be limited, as far as practicable to a statement of a single fact." Subsections (2) and (3) set forth additional, comprehensive requirements for a petition, including "[t]he present use of the property, the use for which the property was designed, and the classification of the property," TTR 227(3)(c)(i) and, in taxable value cases, "a statement indicating whether there is a dispute relative to the value of an addition or a loss." TTR 227(3)(d)(i).

The rules governing "small claims" are germane here, as petitioners' "claims of appeal" identified their disputes as falling with the "small claims" branch of the MTT. The "small claims" rules provide in relevant part: "The petition shall be on a form made available by the tribunal or shall be in a written form that is in substantial compliance with the tribunal's form." Mich Admin Code R 792.10277(1), TTR 277(1). Further, "[t]he petition shall set forth the facts upon which the petitioner relies in making petitioner's claim for relief," TTR 277(2), and "[f]or property tax contested cases, a copy of the notice or action taken by the local board of review shall be attached." TTR 277(3).

Delaney's three claims of appeal did not come close to satisfying the petition requirements of either TTR 277 or TTR 227. The clerk of the MTT recognized the petitions' multiple shortcomings when she issued a "notice of no action" in each of Delaney's three cases. Petitioners urge that their filings nevertheless should have been accepted because they fulfilled a definition of "petition" found in *Black's Law Dictionary*: "a formal written request presented to a court or other official body." This argument mistakes the forest for the trees.

Assuming the documents Delaney filed qualify as "petitions," the petitions did not conform to the rules of the MTT. Small claims matters must be initiated by filing a petition on a tribunal-supplied form or "in a written form that is in substantial compliance with the tribunal's form." Delaney's petitions met neither requirement. Delaney's argument boils down to a claim that the MTT may not enforce its own rules governing "petitions." We find no support for this argument in the TTA, the tribunal rules, or caselaw.

The TTA grants the MTT the power to create rules to carry out the act. MCL 205.732(d) provides that "[t]he tribunal's powers include . . . [p]romulgating rules for the implementation of this act, including rules for the practice and procedure before the tribunal . . . under the" APA. The MTT's petition requirements are neither hidden nor onerous. We are unable to conclude that the clerk's discretionary decision to enforce rather than to relax those standards falls outside the range of principled outcomes.

That the MTT had previously accepted "claims of appeal" has no bearing on whether the MTT abused its discretion in rejecting the 2015 claims. The MTT amended its rules in 2013 and

publicized the amendments on its website. It is reasonable to expect legal practitioners to check the court rules or any pertinent administrative rules before initiating a new action. Delaney's failure to do so does not excuse his error. Delaney's subsequent conforming petitions were filed beyond the statutory deadline. The MTT did not err in dismissing them on this ground.

We affirm.

/s/ Kurtis T. Wilder
/s/ Stephen L. Borrello
/s/ Elizabeth L. Gleicher