# STATE OF MICHIGAN

# COURT OF APPEALS

G. CLARKE BORGESON,

      Petitioner-Appellant,

v

TOWNSHIP OF NORVELL,

      Respondent-Appellee.

UNPUBLISHED
June 14 2017

No. 332721
Tax Tribunal
LC No. 15-005514-TT

Before: SWARTZLE, P.J., and SAAD and O'CONNELL, JJ.

PER CURIAM.

Petitioner, G. Clarke Borgeson, appeals as of right the order of the Michigan Tax Tribunal (Tribunal) dismissing his appeal of the true cash, taxable, and uncapping taxable value of his real, residential property. The Tribunal dismissed the appeal because Clarke "failed to appear for a duly-noticed hearing." We reverse and remand because the Tribunal abused its discretion in dismissing Clarke's petition without evaluating other sanction options or considering the *Vicencio*[1] factors on the record.

## I. FACTUAL BACKGROUND

On September 3, 2014, the United States Bankruptcy Court for the Eastern District of Michigan ordered that property be conveyed to Clarke and Nancy R. Borgeson. Respondent, Norvell Township, was the taxing authority.

Clarke protested the township's 2015 assessed and taxable value for the property before the Board of Review. The Board denied Clarke's petition.

---

[1] *Vicencio v Ramirez*, 211 Mich App 501; 536 NW2d 280 (1995).

-1-

Clarke then filed a property tax appeal petition with the Tribunal's Small Claims Division.[2] The Tribunal subsequently notified Clarke that it scheduled his case for an in-person hearing to be held on February 18, 2016.

After receiving the notice, Clarke sent a letter to the Tribunal asking for "a new hearing date" because he had a "prepaid vacation" during the scheduled in-person hearing. But the Tribunal sent Clarke a notice of no action dated December 30, 2015 stating that Clarke's motion was not pending, and the Tribunal would not consider the motion because Clarke failed to pay the required filing fee.

The Tribunal found that Clarke failed to appear at the February 18, 2016 hearing and entered an order dismissing his case. Clarke moved for reconsideration, but the Tribunal denied his motion.

## II. SANCTION OF DISMISSAL

Clarke argues that the Tribunal abused its discretion in dismissing his petition without evaluating other sanction options or considering the *Vicencio* factors on the record. We agree.

We review a Tribunal's decision to dismiss a petition for failure to comply with the Tribunal's orders for an abuse of discretion. *Prof Plaza, LLC v Detroit*, 250 Mich App 473, 475; 647 NW2d 529 (2002). "An abuse of discretion exists where the result is so palpably and grossly violative of fact and logic that it indicates a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Id*.

"Our legal system favors disposition of litigation on the merits." *Vicencio*, 211 Mich App at 507. Accordingly, dismissing an action "is a drastic step that should be taken cautiously." *Id*. at 506. The Tribunal may abuse its discretion when it dismisses a case for a party's failure to attend a proceeding. See *Stevens v Bangor Twp*, 150 Mich App 756, 761-762; 389 NW2d 176 (1986).

This Court in *Vicencio*, 211 Mich App at 506, held that a trial court must "carefully evaluate all available [sanction] options on the record" in order for it to "conclude that the sanction of dismissal is just and proper." Further, a trial court "should consider" the following factors to determine whether a sanction of dismissal is appropriate:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Id*. at 507.]

---

[2] Clarke stated that he did not have a principal residence exemption of at least 50% as of the date of filing.

Accordingly, the *Vicencio* Court concluded that the trial court abused its discretion in dismissing a case after a plaintiff failed to appear at a settlement conference "because the trial court did not evaluate other available [sanction] options on the record." *Id*. at 506-507. Additionally, this Court weighed applicable factors and concluded that "dismissal was inappropriate" "under th[e] facts" of the case. *Id*. at 507.

This Court applied *Vicencio*'s rules to the Tribunal in *Grimm v Dep't of Treasury*, 291 Mich App 140, 149-150; 810 NW2d 65 (2010). Specifically, the *Grimm* Court held that the Tribunal "should consider" the *Vicencio* factors before sanctioning a party with dismissal and that "the record should reflect that the Tax Tribunal 'gave careful consideration to the factors involved and considered all [of] its options in determining what sanction was just and proper in the context of the case before it.' " *Id*., quoting *Bass v Combs*, 238 Mich App 16, 26; 604 NW2d 727 (1999), overruled in part on other grounds *Dimmitt & Owens Fin, Inc v Deloitte & Touche (ISC), LLC*, 481 Mich 618; 752 NW2d 37 (2008).

In this case, the Tribunal dismissed Clarke's petition for failing to appear at the scheduled February 18, 2016 in-person hearing. The Tribunal record before this Court contains no evidence that the Tribunal evaluated other sanction options or considered the *Vicencio* factors. Further, the record is insufficient to facilitate an analysis of the *Vicencio* factors. Our review on appeal is limited to the Tribunal record. MCR 7.210(A)(2). Therefore, we conclude that the Tribunal abused its discretion in dismissing Clarke's petition without evaluating other sanction options or considering the *Vicencio* factors on the record.

## III. MOTION TO ADJOURN

We conclude that the Tribunal complied with TTR 225, the Tribunal did not abuse its discretion when it found on reconsideration that Clarke failed to comply with TTR 225, and Clarke abandoned his argument that the Tribunal failed to comply with its website.

We review for an abuse of discretion a Tribunal's decision to dismiss a claim for failure to comply with Tribunal rules, *Prof Plaza, LLC*, 250 Mich App at 475, and the Tribunal's ruling on a motion for reconsideration, see *K & W Wholesale, LLC v Dep't of Treasury*, ___ Mich App ___; ___ NW2d ___ (2017) (Docket No. 327107), slip op 3 (addressing a trial court's decision on a motion for reconsideration). But the issue of whether Clarke complied with the Tribunal's website when filing his motion to adjourn was not preserved. *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386; 803 NW2d 698 (2010). Therefore, we review this claim for plain error. *Henderson v Dep't of Treasury*, 307 Mich App 1, 9; 858 NW2d 733 (2014). Plain error occurs when there is (1) error (2) that was plain and (3) " 'affected [petitioner's] substantial rights.' " *Id*., quoting *People v Kowalski*, 489 Mich 488, 505; 803 NW2d 200 (2011).

The Tax Tribunal Act, MCL 205.701 *et seq*., gives the Tribunal the power to create rules to implement the Act. Its "powers include" creating "rules for practice and procedure before the

-3-

tribunal . . . under the administrative procedures act" (APA). MCL 205.732.[3] The Michigan Administrative Code, MCL 24.259(1), publishes all Tribunal rules under part two of the Administrative Hearing Rules, Mich Admin Code, R 792.10201, *et seq*.

Subpart C of the Tribunal rules governs matters before the Small Claims Division. Mich Admin Code, R 792.10261. Subpart C explains that if a specific small claims rule does not exist, "the entire tribunal rules govern." Rule 792.10261. Subpart C has no rule governing motions. Therefore, TTR 225, Mich Admin Code, R 792.10225, under the rules before the entire tribunal outlines the rules for filing motions.

Under TTR 225, all requests requiring an order must be made by written motion and include the appropriate filing fee. A motion to adjourn filed in the Small Claims Division has a $25 filing fee. See Mich Admin Code, R 792.10267(3)(k) (requiring a $25 filing fee for all types of motions not specifically listed). The Tribunal must "issue a notice of no action" if the motion does not include the correct filing fee or if the Tribunal cannot determine whether the movant paid the fee. Rule 792.10225(2). The rule further requires the Tribunal to take "action" on the motion "[i]f the appropriate fee is paid within 21 days of the issuance of the notice of no action or as otherwise provided by the tribunal." Rule 792.10225(2).

In this case, the Tribunal complied with TTR 225. Clarke filed a motion to adjourn the February 18, 2016 in-person hearing via a letter dated December 17, 2015. The record contains no evidence that Clarke included a $25 filing fee. Accordingly, the Tribunal issued a notice of no action dated December 30, 2015, directing Clarke to file the fee. The record contains no evidence that Clarke paid the fee *for his motion to adjourn*.[4] Therefore, the Tribunal was not required to take action on his motion. See Rule 792.10225(2). The Tribunal should not grant Clarke a new hearing on this basis, and the Tribunal did not abuse its discretion when it found in its motion for reconsideration that Clarke failed to comply with TTR 225.

Clarke also argued that the Tribunal's website indicated that it could grant a motion to adjourn if the Tribunal received the request at least 21 days before the scheduled hearing and found good cause for the adjournment. Petitioners "may not merely announce their position and leave it to this Court to discover and rationalize the basis for their claims" or "give issues cursory treatment with little or no citation of supporting authority." *VanderWerp v Plainfield Charter Twp*, 278 Mich App 624, 633; 752 NW2d 479 (2008). Clarke cites no authority supporting his

---

[3] The Tribunal is an administrative agency whose procedures are governed by the APA, MCL 24.201 *et seq*. MCL 24.203(2); MCL 205.721.

[4] Rather, the record suggests that Clarke submitted a fee for a *different* motion. Clarke filed a motion on December 30, 2015 asking the Tribunal to grant default judgment in his favor. But the Tribunal sent Clarke a notice of no action dated January 5, 2016, noting that he failed to include the appropriate fee. Clarke filed a proof of service on January 6, 2016, attaching the January 5, 2016 notice of no action and indicating that he submitted a filing fee to the Tribunal.

The proof of service indicates that Clarke also served "Grass Lake Charter Township." It is unclear how Grass Lake Charter Township is involved in this case.

claim that the Tribunal was bound to follow its website instead of TTRs 225 and 267. Clarke's motion to adjourn did not comply with TTRs 225 and 267. And Clarke did not argue on appeal that the Tribunal did find or should have found good cause to grant his motion. Therefore, Clarke abandoned this claim. See *VanderWerp*, 278 Mich App at 633.

### IV. DUE PROCESS

Finally, Clarke argues that the Tribunal deprived him of his fundamental due process rights to notice and a meaningful opportunity to be heard before an impartial decision-maker. Clarke failed to preserve this claim. Therefore, we review it for plain error. *Henderson*, 307 Mich App at 9. The Tribunal did not plainly err here.

The United States and Michigan Constitutions prevent the government from depriving a person of property without due process. US Const, Am XIV; Const 1963, art 1, § 17. Accordingly, real property owners have due process protections when the government assesses and collects property taxes. *Spranger v City of Warren*, 308 Mich App 477, 482-483; 865 NW2d 52 (2014). Due process requires "notice," *id*., "an opportunity to be heard in a meaningful time and manner," *id*., and "an unbiased and impartial" decision-maker, *Cain v Dep't of Corrections*, 451 Mich 470, 497; 548 NW2d 210 (1996).

In this case, the Tribunal provided Clarke with an opportunity to be heard on his petition in a meaningful time and manner. It scheduled an in-person hearing for February 18, 2016. The Tribunal notified him of the hearing. But Clarke did not show up.

Clarke's claim that the Tribunal violated his due process rights when it failed to notify him whether his motion to adjourn was granted or denied lacks merit. When Clarke sent the Tribunal a written request for a new hearing, the Tribunal informed Clarke that his motion to adjourn was not pending and that the Tribunal would not consider his motion because Clarke failed submit the appropriate filing fee. The Tribunal did not plainly err in failing to rule on a motion that was not properly pending before it. See *Henderson*, 307 Mich App at 9.

Clarke abandoned his claim that the Tribunal denied him a meaningful opportunity to be heard before an impartial decision-maker. Clarke did not explain how any decision-maker acted impartially. Clarke "may not merely announce [his] position and leave it to this Court to discover and rationalize the basis for [his] claim[]." See *VanderWerp*, 278 Mich App at 633.

We reverse and remand. On remand, the Tribunal should consider the other sanction options as well as the *Vicencio* factors. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Henry William Saad
/s/ Peter D. O'Connell

-5-