*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KARY LOVE,

       Petitioner-Appellant,

v

PORT SHELDON TOWNSHIP,

       Respondent-Appellee.

UNPUBLISHED
January 20, 2022

No. 355451
Michigan Tax Tribunal
Small Claims Division
LC No. 20-000600-TT

Before: O'BRIEN, P.J., and STEPHENS and LETICA, JJ.

PER CURIAM.

Petitioner appeals as of right an order from the Michigan Tax Tribunal valuing petitioner's property at $630,200 for the 2020 tax year. We affirm.

Petitioner filed a petition with the Tribunal challenging the assessed value of his property. In his petition, petitioner argued that the subject property was worth no more than $180,000. In support of his suggested valuation, petitioner asserted that he had "listed the property for sale in 2014 at $799,000 and in 2015 at $775,000" but had received no offers, and so concluded that the fair market value of the property was "below $775,000." He then argued that a number of other factors, including COVID-19, negatively impacted the value of the subject property. Three days before the scheduled hearing on petitioner's motion, petitioner submitted a real estate listing for a property, with a price of $595,000, that petitioner argued was very similar to the subject property.

In response to the petition, respondent submitted a property record card that had been prepared for the subject property for the 2021 tax year in support of its argument that the proper valuation of the property was $630,200. Although respondent's evidence was not submitted before the scheduled hearing, petitioner confirmed that he received the evidence more than two months before the hearing, so the evidence was accepted.

Following a hearing before an administrative law judge (ALJ) in July 2020, the ALJ adopted respondent's suggested valuation, finding that the subject property had a true cash value of $630,200. The ALJ 's proposed opinion and judgment noted that no proffered evidence was excluded but that none of petitioner's evidence comported with any of the three recognized

-1-

valuation methods. The ALJ noted that the property record card submitted by respondent had some deficiencies but found that it was the best evidence presented from which to discern the true cash value of the subject property. For that reason, the ALJ adopted the property record card submitted by respondent as the property's assessment for the 2020 tax year.

Petitioner filed exceptions to the proposed opinion and judgment. In his exceptions, petitioner argued, among other things, that the subject property should be valued at $490,000. The Tribunal rejected petitioner's argument and entered a final opinion and judgment affirming the ALJ 's proposed opinion and judgment. Petitioner now appeals.

Petitioner's first claim of error is that the Tribunal erred when it adopted the valuation of the 2021 property record card while finding that petitioner's proffered evidence—a real estate listing from 2020—was not relevant.[1] We disagree.

"Review of decisions by the Tribunal is limited." *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 527; 817 NW2d 548 (2012). If fraud is not alleged, the Tribunal's decision is reviewed "for misapplication of the law or adoption of a wrong principle." *Smith v Twp of Forester*, 323 Mich App 146, 149; 913 NW2d 662 (2018) (quotation marks and citation omitted). Review of the Tribunal's factual findings is limited to whether those findings "are supported by competent, material, and substantial evidence on the whole record." *Mich Props*, 491 Mich at 527. "Substantial evidence must be more than a scintilla of evidence, although it may be substantially less than a preponderance of the evidence." *Meijer, Inc v Midland*, 240 Mich App 1, 5; 610 NW2d 242 (2000). The weight to give evidence presented is within the Tribunal's discretion. *Great Lakes Div of Nat'l Steel Corp v Ecorse*, 227 Mich App 379, 404; 576 NW2d 667 (1998).

Petitioner bears the burden of proof in establishing the true cash value of the property in a challenge in front of the Tribunal. *Prof Plaza, LLC v Detroit*, 250 Mich App 473, 475; 647 NW2d 529 (2002). "True cash value" is synonymous with fair market value, *id*. at 476, and is defined by statute as follows:

> [T]he usual selling price at the place where the property to which the term is applied is at the time of assessment, being the price that could be obtained for the property at private sale, and not at auction sale except as otherwise provided in this section, or at forced sale. [MCL 211.27(1).]

There are three traditional methods for determining true cash value: (1) the cost-less-depreciation approach, (2) the sales-comparison market approach, and (3) the capitalization-of-income approach. *Meadowlanes Ltd Dividend Housing Ass'n v Holland*, 437 Mich 473, 484-485; 473 NW2d 636 (1991). The Tribunal is not required to use a single method to arrive at the true cash value, *Huron Ridge LP v Ypsilanti Twp*, 275 Mich App 23, 28; 737 NW2d 187 (2007), nor is it bound to accept the parties' theories of valuation—it can accept one party's theory while rejecting the other's, it can reject both theories, or it can use a combination of the two, *Great Lakes Div*, 227 Mich App at 389-390. The ultimate goal of the valuation process is a well-supported

---

[1] While petitioner raised three issues on appeal, Issues I and III address the same issue, which is covered by the discussion of this claim of error.

conclusion that reflects the study of all factors that influence the market value of the subject property. *Meadowlanes Ltd*, 437 Mich at 486. For the tax year at issue—2020—the assessed value is determined on the basis of the condition of the property on December 31, 2019.

Initially, we note that petitioner's allegation that the Tribunal "barred" his evidence of the real estate listing is factually inaccurate. Petitioner's evidence was accepted but found to be not relevant to the valuation of the subject property for the 2020 tax year because it did not comport with any of the three recognized methods of valuation. Consequently, while the evidence was accepted, it was afforded no weight in the valuation.

Petitioner also takes issue with the ALJ's note that many of the issues raised by petitioner at the hearing related to the 2020 housing market and so had no bearing on the value of the subject property as of December 31, 2019.[2] Petitioner argues that this was improper because respondent's evidence of a property record card for the 2021 tax year was accepted and given weight. Petitioner contends that if the Tribunal put weight in respondent's 2021 evidence, the Tribunal was obligated to give weight to petitioner's 2020 evidence. Petitioner's oversimplification of this issue wholly ignores the ALJ's and Tribunal's explanations for why the parties' evidence was treated differently. In its proposed judgment, the ALJ explained that it did not put weight in the real estate listing proffered by petitioner because it "cannot compare mere sales prices against assessments without adjustments for the differences between the subject property and that sale." In its final judgment, the Tribunal elaborated that the evidence presented by petitioner was not even evidence of a recent sale but was a property that was recently *offered* for sale. The Tribunal then reiterated the fact that petitioner had provided no adjustments to the offered price contained in the listing to compare it to the subject property, which would demonstrate an adjusted true cash value for the subject property. Conversely, although the property record card proffered by respondent was prepared for the 2021 tax year, it included information relevant to the valuation of the subject property on December 31, 2019, such as information about the frontage of the property, previous sales of the property, and the sales prices of "Lake Michigan Residential Sales" from January 2017 to February 2020. It is, therefore, an oversimplification to paint the Tribunal's decision as error simply because it gave respondent's 2021 evidence more weight than petitioner's 2020 evidence. The Tribunal's decision to give weight to the property record card from 2021 submitted by respondent but not the 2020 real estate listing submitted by petitioner was not a misapplication of the law or an adoption of a wrong principle.

Nevertheless, representing that he has extensive experience as a real estate investor, petitioner contends that based on his experience the real estate listing he presented was the best evidence of the true cash value of the subject property. Regardless of a party's expertise, however,

---

[2] In his brief on appeal, petitioner refers generally to the other evidence he presented at the hearing, but he does not make any argument that would demonstrate that the Tribunal erred in its treatment of that evidence. To the extent that petitioner's appeal challenges the Tribunal's treatment of petitioner's evidence aside from the proffered real estate listing, that issue has been abandoned on appeal. See *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 220; 761 NW2d 293 (2008) ("An appellant may not merely announce its position and leave it to this Court to discover and rationalize the basis for its claims.").

it is the Tribunal who must employ its own expertise to the facts of the case to determine which approach provides the most accurate valuation. See *MeadowLanes*, 437 Mich at 484-485; *Great Lakes Div*, 227 Mich App at 400. The Tribunal is not bound to accept a party's theory of valuation. See *Great Lakes Div*, 227 Mich App at 389-390. Simply because petitioner would have found his evidence persuasive in determining the true market value of the subject property is not dispositive on whether that evidence was relevant to the value of the subject property on December 31, 2019. Petitioner's disagreement with the method used by the Tribunal to value the subject property is not a basis for concluding that the Tribunal misapplied the law or relied on a wrong legal principle.

Petitioner also argues that his due-process rights were violated because he did not receive adequate notice of the fact that respondent planned to submit the 2021 property record card as evidence. Yet petitioner acknowledged before the Tribunal that he received respondent's answer, attached to which was the 2021 property record card, via e-mail more than two months before the hearing was held. Thus, as the Tribunal noted, petitioner received the property record card but did not take the time to review that document. This does not constitute a lack of notice for purposes of a due-process violation.

In sum, the Tribunal did not misapply the law or rely on a wrong legal principle when it determined that petitioner's evidence was not worthy of receiving any weight and determining that the property record card proffered by respondent was the best evidence presented to determine the value of the subject property.

Petitioner's second claim of error is that the Tribunal erred when it found that the subject property had "83.6 front feet on Lake Michigan." We disagree.

In his petition, petitioner stated that the true cash value of the subject property appeared to be based on the incorrect belief that the property had 85 feet of lake frontage when the property actually only had 25 feet of lake frontage. Petitioner failed to pursue this issue further, however, and it was not discussed at the hearing before the ALJ. Consequently, the ALJ's proposed opinion did not address the issue, and when petitioner filed an exception to this supposed omission, the Tribunal refused to consider petitioner's argument related to the lake frontage. In light of these events, we conclude that this issue was not properly preserved before the Tribunal, see *Empire Iron Mining Partnership v Tilden Twp*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 353098); slip op at 9, and we therefore decline to address it, see *Autodie LLC v Grand Rapids*, 305 Mich App 423, 431; 852 NW2d 650 (2014).

Even were we to address the issue, however, we would conclude that petitioner's claim of error does not warrant relief. A factual finding by the Tribunal that is not supported by the record is not grounds for reversal unless the error was outcome-determinative. *Sandy Pines Wilderness Trails, Inc v Salem Twp*, 232 Mich App 1, 22; 591 NW2d 658 (1998). Again, the ALJ found that the subject property had "83.6 front feet on Lake Michigan." Contrary to this finding, however, the property record card that was submitted into evidence stated that the subject property had only 23.6 feet of frontage and 60 feet of "non-lake" frontage. Yet the property record card also showed that the nonlake frontage was valued per foot at a rate of 40% of the per-foot value of the lake frontage, and the ALJ adopted the property record card's valuation of the property as the subject property's tax assessment. Thus, to the extent that the Tribunal erred when it found in its order that the subject property included 83.6 "front feet on Lake Michigan," that error was not outcome-

-4-

determinative, i.e., it did not affect the Tribunal's valuation of the property and, therefore, is harmless error that does not warrant reversal.[3]

Affirmed.

/s/ Colleen A. O'Brien
/s/ Cynthia Diane Stephens
/s/ Anica Letica

---

[3] Petitioner also argues that he was never given notice that the amount of lake frontage of the property was an issue in this matter, but this assertion is belied by petitioner's own petition, in which he referred to this issue and noted his belief that the calculation of the subject property's true cash value was based on an incorrect amount of lake frontage. Petitioner clearly had notice of this issue because he referred to it in his petition.